[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15548
_____

D.C. Docket No. 2:09-cv-01732-KOB

SANDRA SLATER,

Plaintiff – Appellant,

versus

U.S. STEEL CORPORATION,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 12, 2018)

Before TJOFLAT and WILLIAM PRYOR, Circuit Judges, and SCOLA,[*] District Judge.

_____

[*] Honorable Robert N. Scola, Jr., United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

Sandra Slater failed to disclose to the Bankruptcy Court in her pending Chapter 7 case the employment discrimination claims she was prosecuting in the instant case against U.S. Steel Corporation. Upon discovering Slater's failure to disclose the claims to the Bankruptcy Court, U.S. Steel, citing our precedent in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), moved the District Court to dismiss her claims under the doctrine of judicial estoppel. U.S. Steel argued that Slater's maintenance of inconsistent positions in the two judicial proceedings, standing alone, constituted a "mockery of the judicial system." *See id.* at 1285 (quotation omitted). The District Court agreed and granted U.S. Steel's motion, and this panel affirmed. *Slater v. U.S. Steel Corp.* ("*Slater I*"), 820 F.3d 1193 (11th Cir. 2016).

Upon rehearing *en banc*, this Court overruled the portions of *Burnes*[1] "that permitted the inference that a plaintiff intended to make a mockery of the judicial system simply because he failed to disclose a civil claim" and remanded the case to the panel for further consideration of the District Court's judicial estoppel ruling. *Slater v. U.S. Steel Corp.* ("*Slater II*"), 871 F.3d 1174, 1185 (11th Cir. 2017).

In *Slater II*, we said that

---

[1] Also overruled was the portion of *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), which adhered to the overruled portion of *Burnes*' holding.

2

to determine whether a plaintiff's inconsistent statements were calculated to make a mockery of the judicial system, a court should look to all the facts and circumstances of the particular case. When the plaintiff's inconsistent statement comes in the form of an omission in bankruptcy disclosures, the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Id.* We emphasized that this list "is not exhaustive; the district court is free to consider any fact or factor it deems relevant to the intent inquiry." *Id.* n.9.

The District Court, bound as it was by *Burnes*, considered none of these factors in granting U.S. Steel's motion for summary judgment. Its application of the judicial estoppel doctrine therefore constituted an abuse of discretion. For that reason, we vacate its summary judgment order and remand the case for further proceedings not inconsistent herewith.

**VACATED AND REMANDED.**

3